O’Neall, J.
delivered the opinion of the Court.
There can be no doubt that, technically, the judgments are in the same right. The wore given to the executor, for a contract made with him, must be treated, and considered, as his own. In a legal point of view, it was the note of Sterling Harrison to Joseph S. Tolbert. It is, however, unquestionable, that, in fact, it was a part of the assets of the estate of his testator; and the executor might, and ought, to have treated it as such. He, on the present occasion, claims that it should be considered as the assets of the estate. This is the equity of the case; and the Court of Equity, in the exercise of the jurisdiction, which legitimately belongs to it over trustees, “ will follow a note of hand, as the property of an estate, if really taken for assets of the estate sold by the administrator, though the note be taken in the private name of the administrator; and will enforce this by injunction against the private creditors of the administrator.” Glass v. Baxter, 4 Desaus. 153.
The question is, whether this Court is bound, by lega! rules, to set-off judgments in all cases, where they are in the same right. It is clear that it is not. The authority of the Court on the subject is not derived from the statutes of set-off, but depends upon the general jurisdiction of the Court over the suitors in it: it is an equitable part of their jurisdiction, and has been frequently exercised. Such was the language of Lord Kenyon in the case of Mitchell v. Oldfield, 4 T. R. 123. In Williams v. Evans, 2 M‘C. 203, Judge Nort, after quoting the above remark of Lord Kenyon, said, “ if it consitute a part of the equitable jurisdiction of the Court, it ought to be so exercised, as to do equity, and not to sanction fraud.” All applications of this kind, founded, as they are, on no positive statute, or any fixed rule, which compels the Court to grant them, are addressed *601 to the discretion of the Court; and in the exercise of that discretion, even where the set-ofF might be legally made, yet if the Court sees that injustice will be done by granting the order of set-ofF, it is uniformly refused.. ,
In this case positive injustice would be done, not to the parties before the Court, but to the estate of the' testator. The note justly belongs to that estate. !f the Court of Law had granted the application, the Court of Equity, at the instance of the tenant for life under the will of the testator, would have enjoined the proceeding. The decision of the Circuit Judge was in strict conformity with the decisions already referred to; and his refusal to order the set-off, was the exercise of his discretion “ so as to do equity, and not to sanction fraud.”
Colcock, J. and Johnson, J. concurred.
Motion refused.